Good morning, Your Honors. Is it still morning? Yes, it is. Just barely. Okay. A little ways to go. This is a Truth in Lending Act case, and I represent the plaintiff appellants. And I'd like to reserve one minute for rebuttal. Just to start off, the district court did find that the rescission was done properly pursuant to the Truth in Lending Act requirements, and that the rescission was valid within the three-year time period given in the statute. Is that appealed? We're not appealing the rescission, Your Honor, no. And they didn't counter-appeal, right? I think there's no question that the rescission – nobody's appealing the – All I'm trying to do is narrow this down. In my opinion, I don't have to think about whether there was a rescission, whether it was on time, or anything else. All I've got to talk about now is what happens after the rescission. And Jasinoski – I don't know how you say that. Jasinoski, yes. However you say it, says that they didn't need to bring the suit at the same time they did the rescission. So I'm left with saying, when did they have to bring the suit? And that's where we go with this case, Your Honor. Thank you. That's what I understand. So what's happening here is my clients filed an enforcement action, not a claim for damages. Right. And the question is, did they wait too long to file it? That's correct. This is a statute of limitations question. And it's an enforcement action under 1635F. Correct. The enforcement action is simply to enforce the mandatory duties of the lender, of the banks. Right, right. My clients did their job correctly, as the Court found. But the question is, who's sort of sleeping on their rights there? Your clients rescinded past tense, it's done. Right. And the bank has ignored that. Correct. And so now who's sleeping on their rights during this period of time that could extend, as far as I can tell, 29 more years? In an average sort of hypothetical case, that's what I'm worried about. Right. And this is – And that's what the trial court was worried about, which is why he said, well, there's going to be a statute of limitations, even though the statute doesn't, in this case, doesn't supply one. Are you agreeing that that's inconsistent with our case law? The case law, and this hasn't come up very much in this circuit or in the districts, but it did come up three times prior to our case, one in Oregon, one in, I believe it was Northern California. And district judges have ruled inconsistently, and you've done a really nice job of setting that on your briefs, but I'm just trying to ask whether your position is that we should find error because the judge said, consistent with federal case law, we need to import, we need to find a statute of limitations period. Is that a bone of contention for you? Yes, it is. That's exactly what we're arguing. You also argue that they should have looked at the state law. I mean, I get that, but you understand I'm asking just for this threshold question. You think there should be no statute of limitations period? That's correct, because this is not, this shouldn't be a terribly unusual or confusing argument. This is, how do you interpret a statute? You first of all look at the face of the statute. Congress did put a statute of limitations in the Act under the damages portion. They said, if you're going to file a claim for damages against the lender for failing to follow Truth in Lending Act provisions, you can only file it within one year of the rescission. Then the others, that's not an enforcement action. That's a claim for damages. Counsel, what would prevent somebody, if there were no statute, from filing an enforcement action and just rolling with it as long as the bank ignores that or misses the notice of rescission for years and years and years and then popping up? Right. Really? You think that's the right answer? The question here is, I think that you're getting at, is will this open the floodgates to everybody just rushing in and saying, I want to rescind and then I want to sue. It's not a floodgate. I appreciate that it was not going to happen very often, but what if it happens even once? How can that be the right result? Well, that's a question for Congress. We have to look at the well-established law of statutory interpretation. And if you want to borrow a statute of limitations, there's no real solid authority for that here. Well, there's a solid authority. But just a minute, there's solid authority in our case law that suggests, and this is Supreme Court authority, that we should not ordinarily assume Congress didn't think there shouldn't be any limitation. And the Supreme Court authority says when the federal statute doesn't expressly supply a statute, the general rule is to go the state statute. That's general authority out of Oneida, Del Costello. Then Reed says you can only decline to borrow the state statute when the rule of federal law clearly provides a closer analogy. And there is no closer analogy, as I understand you to be arguing. And so, therefore, I got to go to a state statute. I can't just let it sit there based on this case law that's dead set in front of me. But the state statutes, as I understand the judge's decision, we're talking about rescission that's under Truth in Lending Act. But the judge was trying to apply the damages statute of limitations. Correct, and that's part of the problem here. And that's not there. That's not there. But now I've got to determine what statute to apply. And damages is different than equitable relief. I understand that. But what you're now arguing is, but don't do anything. But that is totally contrary to what our U.S. case law would suggest. So it seems to me you've got to pick your best state statute and stick with it. Well, here's where the problem comes in there, is that if you're going to argue that the closest state statute is common law rescission, which, I mean, at first glance that kind of makes sense. It's, you know, the concept of rescinding a loan. The problem with that, though, is you have the Truth in Lending Act, which is a plenary statute. It dominates the field of rescinding a mortgage loan. And there are very specific ways that you go about doing that. If you don't do it within the three years, if you don't write your rescission notice properly, or if you want to, you know, there's also the three-day period, which really isn't at issue here. But if you can't import a common law rescission statute of limitations, when you have a plenary statute that specifically says how you go about it. Why not import the contract action? Because, again, it's a Truth in Lending Act rescission. What about the Washington Consumer Protection Act? These are both consumer protection statutes. There are other Washington statutes that perhaps need to be considered. I certainly grant you that. But I just want to give you fair notice. I think the position, I agree with Judge Smith, the position that Judge Robart was supposed to import no statute of limitations period is really tough for me to agree with. I understand that, and we, you know, I wish, you know, the statute could have been written differently. I mean, what do you do when Congress is silent on something? Counsel, it is your time. But, I mean, I think three of us have given you pretty clear indication this is a very tough argument for you. So do you want to talk about the Washington statutes that might have been considered or what we ought to do? Yes. I'm particularly concerned, just on my scorecard, with the Washington Consumer Protection Act. I think that's a four-year period. And there's a question of fact here that he didn't really reach about when the bank received the rescission notice. We could send it back for that to figure out whether your clients are in under the four years. I don't know if they are. We can't tell from our record. That's one option. But if you lose on this first argument about importing no statute, then what is your next best argument? I would say we would go to the six-year statute of limitations, which is the contract statute and the state statutes. But the judge disregarded that. He set that one aside. So what is your response? Why did he get that wrong? He got that wrong because I think he was trying to reach the result that you've got to look at this as a rescission. I think I would argue it just the opposite. You can't ‑‑ either you go with the TILA rescission statutory scheme and you stick with that, or you can't go rescission under common law then. Or you go to the consumer protection. But that's not the issue. The issue is not the scheme and how you effectuate. It is what are you going to do to pick a measuring point. And then you leave the statute alone, the state statute alone, and you continue to do the rescission process under TILA. Rescission is an equitable remedy, right? Correct. And if there's no statute of limitations, it is the general rule, I think, in all circuits, and I know in this circuit under the ITT case that you look to a statute of limitations that is applicable in the same statute, and you use that as a guideline to determine when you should ‑‑ when latches applies. Somewhere along the line, you have to fish or cut bait, I think, on what kind of statutory remedy you want. So why is six years ‑‑ the judge wrong with six years, saying the six‑year statute didn't apply? I would ‑‑ because I think that the ‑‑ if you are going to boil this down to its bare bones, what we're talking about a contract between a lender and a borrower, you can just say that's a contract. There's an offer and acceptance and money paid, et cetera. And you can't ‑‑ so you've got to ‑‑ if you're going to pick one, you can't pick the Consumer Protection Act one because that's a completely separate, again, plenary statute under the state laws that specifically talks about unfair and deceptive practices. We're talking about enforcing a rescission. But they're both ‑‑ both of those statutes are consumer protection statutes. They have different purposes. And I don't see that ‑‑ I don't even know what you mean by plenary, but I don't see that that would make any difference, given my interpretation of plenary. I think the Consumer Product Safety Statute and the TILA have the same ‑‑ some of the same purposes. And then you have the contract statute. And then you have the Washington statute that says for everything else that isn't applied, there's two years. Did he consider ‑‑ Catchall statute. Catchall. Did the district court consider the Washington Consumer Protection Act? No. If you're in under four years, then amendment wouldn't be futile, right? That's correct. Do you need more than four years? What is the period? It's a four‑year statute of limitations from the date of harm. Okay. So if he decides that a one‑year applies, or now the bank's willing to concede that a two‑year applies, but that wouldn't do it for you, but four might, depending on when in May the rescission notice was received. And a six‑year certainly would, right? Yes, it would. And then we're just ‑‑ we're talking about, you know, the simplest form of the transaction here, which is a contract. Uh‑huh. By plenary, I just simply mean it's like the Clean Air Act, Clean Water Act. It dominates the field of that particular subject matter. Okay. It may be, but I tend to agree with Judge Payne, and I invite you to respond if you'd like. But just because a statutory scheme is comprehensive or plenary, it doesn't help us because it doesn't have statute of limitations. And I think we're pretty clearly going to need to find one. So why wouldn't we look to the most? Isn't that what our case law tells us to do, to look to the state, first of all, and then look to the most similar type of provision? Yes, but I would say if you're going to apply the statute of limitations, you should not be using the common law rescission one. You should be using a contract because the common law rescission is ‑‑ It's a different complete ‑‑ It's not common law rescission, though, and it just seems to me the district court has rejected the six‑year statute but hasn't yet considered the Consumer Protection Act. And your complaint does at least in passing mention the Consumer Protection Act. Yes, and we would have amended the complaint if we'd been allowed to, and I would say that's my second choice. Forgive me, but Judge Smith is trying to ask a question. All I was going to say is what about the Washington quiet title statute? Well, that would be a next step that a person could take if there was, you know, the six years had run. I'm trying to say if there's a rescission action and we're trying to decide when we have to do the rescission, why is the quiet title statute any different than rescission? Doesn't it say any security interest given by the borrower, including any interest arising under the operation of law, becomes void? The lender must take away any action necessary or appropriate to reflect the termination of any security interest created under the transaction? That's all the Washington quiet title statute. Yes, and that's another reason. So I guess I'm understanding if I were going to be in your point, that's why I wanted you to answer the question. I'm surprised you didn't ask for the Washington quiet title action statute. Well, the second step, if you have an action on contract under the six-year statute of limitations, your next step is to file a quiet title suit. So you're saying it isn't similar enough to use it? I'm saying it is. I'm saying that you should. Well, but just a minute. I'm the one who had to present it to you. You didn't argue it. You didn't argue that. By the way, Judge Smith's giving me a really hard time for doing what he just did. I just want the record to be clear. Judge Smith is coming up. Frankly, I was about to get that criticism of myself. I said I had to come up with this argument. Yeah, okay, so you got it. I was intending to say that I argued that the six-year statute of limitations applied, not that I was arguing quiet title. But why not? That's the lead-on to it. Judge Smith's point is, even though he did dream it up, it is a fair point. Shouldn't that be considered also? Would we do that here at the first instance or ask the district court to do that on remand? That was going to be my next question. Thank you. I didn't consider that in the brief, but I would say that this court could decide that. Do you know what the statute of limitations is for a quiet title action? In Washington, it's six years. That's the contract statute of limitations. It borrows the contract. Yes. What are you referring to as the common law rescission statute? Well, it's not a statute. It's common law rescission. I mean, common law decision rule, I'm sorry. Statute of limitations. What is that statute? That's six years. Six years. Yeah. And those are the two that I would say most closely resembles what we should do here if we're going to go with a state statute. Number two, I would say use the Consumer Protection Act if you're going to reject the six-year rule or statute. And so I guess I've addressed most of the issues I have argued. You have. You're over your time, but that's all right. Just so when you go back, you can plan, that we're going to put another minute on the clock when you come back up. Okay. So you can sort of be taking notes with that in mind. All right. Thank you. Sure. We'll hear from opposing counsel. Good morning. May it please the Court, my name is Elizabeth Andrews, and I'm here on behalf of Bank of America, who is the plaintiff's loan servicer, and Fannie Mae, who is the owner of their loan. I'm not really going to spend a ton of time on this question of whether there should be any statute of limitations. The panel seems fairly convinced on that point. The only thing that I would add to the discussion on that point is to commend to your honors the concurring opinion in the agency holding case, because I didn't tune into that until fairly recently myself. We did cite that case throughout our brief. But it was a case in which there was a concurrence from Justice Scalia in which he had an opportunity to consider what my colleagues or the whole Court had an opportunity to consider my colleague's exact argument, which is if the statute doesn't say what the statute of limitations is, there just isn't one. It's not the Court's role to go wading in interstitial lawmaking. All that stuff is a bad idea. And Justice Scalia did not manage to pull any other justices to that point of view. And, in fact, Justice O'Connor, who wrote the majority in agency holding, went out of her way to say, by the way, Justice Scalia thinks this, and for the record, none of us agree with that. What would happen if this is ‑‑ I don't want to cast any aspersions, certainly, on these folks here, because I think this is a really murky area we're trying to figure it out. But just, if we could, engage in the hypothetical. If a bank ignored, missed a notice of rescission, and it's pretty clear, it's a done deal once they send it. If the bank missed that for 29 years and then somebody popped up and said, hey, I want to rescind, even if they've been paying their mortgage payments all along, then what's that unwind look like? What happens? That is a pretty dire situation if that were to happen. Your Honor is quite correct. The worst case scenario would be, say, there's two months left on a 30‑year mortgage. They say, we want our money back. And they pop up and they say, you know, I rescinded timely three years after, and I'm now bringing an enforcement action. And what would happen? If that were to happen, not only would the plaintiff be entitled to receive back all of the interest in the ‑‑ it would, I guess, be 27 years. All of the payments? Not all the payments. All the interest payments. Oh, excuse me. Okay, you're right. Correct. So principal, sure. But any interest, finance charges, escrow fees, anything other than principal, that person would theoretically be entitled to get all of that back for the 27 years during which they sat on their rights. Do you think rescission in TILA is an equitable remedy as it generally is at law? I do not, Your Honor. I think it is a creature of the statute. Well, none of the equitable principles such as latches would apply to a case of TILA rescission. I think ‑‑ I would agree with that, yes, Your Honor. Do you have a case that says that the equitable ‑‑ that the TILA rescission is not an issue of equity for the courts? It's really a question of law? I don't have one on me, Your Honor, no. But I do think it's a very legitimate question. And the reason I answer no is simply because there is a whole statute that goes through the procedure for it. A court sitting in equity sort of has this. Well, so does an antitrust statute do exactly the same thing. True. An antitrust statute does the same thing. And you still have ‑‑ and you have all kinds of equitable remedies that conceptually are available under the American Home Stores case. True. Even in a private action. True. And I think what Your Honor's question is going to is what statute are we going to pick? Is that what you're going to ask? Well, you ‑‑ I think we're all trying to get there and whether we're the one that's going to do the picking. Because the first time around, I think your team, in all fairness, convinced the judge or certain suggested that it should be one year. And now in your briefing you've said, oops, really it should be two. But I think the two you're looking at is the catchall. And so what about these more specific ‑‑ it seems to me that Consumer Protection Act or perhaps precision are more specific and more suited. But I don't think those have been considered yet. Well, Your Honor, the statute that we suggested in our brief is ‑‑ we didn't just sort of say, well, that's the catchall, so let's go with that. There is that ‑‑ Two years because of ‑‑ Two years because of the ‑‑ there's a case from the Washington Court of Appeals that interprets ‑‑ Oh, forgive me. That's right. That's right. So what if I don't agree that that's the closest fit? Well, Your Honor, I think, and this may be somewhat going out on a limb, but I do think that the court should not totally discount the option of using 1640, the one year, importing the damages statute. But your brief took the opposite position. You're flipping back to one? Well, I think this court does not have to decide that, honestly. The court doesn't have to choose because it's the same outcome whether it's one year or two years. Yes, but what I'm suggesting is what if I don't think it's one or two years and I'm troubled that the district court doesn't seem to? Well, in fairness, I think your client suggested to the district court that one year is the right answer. I don't think one year is the right answer. Or at least I'm not comfortable that the district court considered the Consumer Protection Act claim that is hinted at in here. And really, we can't say that amendment is futile until we know that. I understand that point. And, Your Honor, for that, I would refer the panel to the Mitchell case, which I understand is a mem dispo, is not binding. Right. And, you know, for what it's worth, Mitchell did not go to the analogous Consumer Protection statute in California. They went to the rescission statute. Yes, but California state law is different than Washington state law. So I'm not sure that's a fair apples-to-apples comparison. I understand that point. But Mitchell did say that we were to look at the most analogous state law claim. Correct. Not just to sit with a federal statute and try to put that in. And so, therefore, if I follow Mitchell, which I'm not anxious to follow because what it is, there's nonetheless in there enough for me to say, well, I ought to look at an analogous state law claim. And I guess what Judge Christen's asking you is, do we determine that or do we send it back to the judge to determine that? And secondly, is it a statute that is like this one that's a state statute? Or can they go for any statute, like a contract statute, or even one I suggested out of clean air, the quiet title action? Let me take those questions in turn, Your Honor. First of all, I would urge this panel to decide. It's a pure question of law. There's not, you know, theoretically the district court can decide that, too. But Your Honors are just as good a position as the district court. So I don't think a remand is really necessary. I think Your Honors can go ahead. I guess we decide that it's Consumer Protection Act because we can't tell when the bank got the notice of rescission. Correct. Correct. And in that case, I think we're past the pleading stage if we decide that. And depending on what the, you know, if there's an amended complaint. What do you mean we're past the pleading stage? Well, depending on what the amended complaint, if there is one, may say. Because if it's a factual question of when it's happened. Oh, you mean you'd have to get past the pleading stage, yes. Yes. You'd have to do some discovery. That's right. That's right. So that would, you know, certainly prolong the case. I do think that it would be perfectly fine for this court to pick whatever statute you thought was appropriate as a pure question of law. So that's the answer to that question of Judge Smith's. How does the Oregon statute that your opponent is talking about for contractual rescission equate to the contract rescission statute used in the Mitchell case from California? The Oregon statute? Same statute. It's Washington. Washington. I'm sorry. I'm in the wrong state. I'll get there. He's from Virginia. I understand. I'm from Virginia, too. I have to do the same thing sometimes. So your question is about the six-year statute in Washington. Yeah. How does the California statute in Michigan, I mean in California in the Mitchell case, compare or not to the statute that your opponent was talking about in Washington? There is a separate breach of contract statute in California that was not invoked in Mitchell. The breach of contract statute in Washington, which is the six-year statute, I think that's just not the best analogy because that is about breach of contract. A contract action usually is to enforce a contract. Right. Right. The rescission is to get out of a contract. But let's give it the rescission provisions of TILA actually are part of the contracts involved in lending by operation of law, aren't they? And if that's the case, why wouldn't you just use the six-year statute? Well, the six-year statute is for the classic breach of contract case. That is to enforce an existing contract. As we have said and as Jezinoski says, this contract is rescinded. It doesn't exist anymore. It is done. Right. And so this is just about enforcement action. And that's why I started by saying so who's sleeping on their rights while this notice of rescinded past tense is sitting? Correct. And I would argue it's the plaintiffs, the borrowers. And if your honors are looking for an analogy, and I still want to go back to the second half of your question, Judge Smith. I haven't forgotten. But if your honors are looking for an analogy, there are a variety of different enforcement actions that we could look to. One that I thought of was unlawful detainer. Well, that works only, though, if somebody stops paying the rent eventually. Right. It's not a perfect analogy. I'm just trying to think of other enforcement types of cases. That's why I hit on my title. In fact, it was the other one that I had thought about. Do you agree that quiet title has a six-year statute of limitations? She said that it did. In my reading, I see no statute of limitations that applies to quiet title. But I may be wrong. I agree with your honor, Judge Payne. That didn't help us get out of the soup very well. No, it doesn't change. Well, it does let us out of the soup because we looked at a state statute. It just so happens you don't like what the state statute says. Well, quiet title. Now, I think this is getting back to your question, Your Honor. I think that quiet title is not a great analogy here either. And the district court characterized this. It's essentially a declaratory judgment case. That's like quiet title. Quiet title is designed to stabilize land records. That's what this is doing. Get your clout out of my chain of title. It's pretty close. Well, the difference between them, think it from a practical standpoint. If you rescind your mortgage loan, rightfully so, within the right time period, you don't have to tender in that moment. For quiet title, you do. And practically speaking, that is the problem that a lot of borrowers have with quiet title. Quiet title gets alleged a lot in these mortgage cases, and it never goes anywhere because no one can ever tender. It fails because they don't tender. Every one that I have that's removed to our court, it fails because of tender. However, here, is it not so? If the bank had done what it needed to do in the windup of the hole, they would have had to tender. They would have had to tender. They would have tendered the property to the creditor or its reasonable value. That's right. And the question then becomes, what if they can't do that? What if they don't do that? Well, they didn't do it because you didn't ever give them any notice. It didn't ever wind up. That's my question. So who was supposed to be? Who's sleeping? Who's sleeping? And it really changes pretty dramatically. It does. I think Your Honor is correct to point out that we apparently, we don't actually concede any of the facts, of course. But we, at least taking the allegations of the complaint as true, we didn't do anything for 20 days. Nothing happened. So from that perspective, sure. But I think our sleeping period ended when our 20 days ran out, essentially. And then the onus shifted back to the plaintiffs to say, okay, we're rescinded. So all you're saying is that period started, whatever statute you suggest, the 21st day after the notice. Absolutely. But then after the 21st day after the notice, whatever statute you have then applies. The claim accrues. And I feel bad because I think I took away from my good colleague, Judge Payne, who had a question. Oh, I'm sorry. You answered. I mean, she answered it when she was answering your question. Oh, thank you. Anything further? May I use my last minute to briefly speak on leave to amend? Quickly. Specifically leave to amend a CPA, to allege a CPA claim. I did just want to quickly point out the Hangman's Ridge case sets out the elements of a CPA claim. And by my count, the plaintiffs had four opportunities to allege facts going to those four elements and have just not done it. So I would just, to the extent that this is going to get remanded, I don't think remand to allow to allege a CPA. That's not why he found amendment futile, though. He found amendment futile because he thought that it was a two-year deal. Correct. I mean a one-year deal. Yes. And after finding futility, saying it's there, I don't know why you'd amend to do that. I agree. Thank you for your argument. It's very helpful. Thank you. If you come back up to the podium, we'll give you a minute, please. Thank you. Yes. I also wanted to point out as to the CPA claim, the bank just admitted that they failed to do anything after the 20 days. So the rescission stance, okay, they didn't do their one winding thing, but there's no question that they didn't do anything after 20 days. Excuse me. Yet they came. You don't have a CPA claim. All you did was mention in one sentence the CPA. It is not one word about the CPA or any of the elements of it in the claim. The issue is whether you can be allowed to amend to put one in just because you mentioned those three words in one sentence that really wasn't even a complete sentence. But I think we could take it as uncontested. The bank didn't do anything for 20 days. Okay. But my point is that part of the basis of the CPA claim would have been that they attempted to do a foreclosure in 2017. So we're well within the statute of limitations for a CPA claim on that. I'm not saying we raised a claim. In fact, I'm saying we didn't raise a claim in this case. But amendment would not be futile because part of the basis of a CPA claim would be that they attempted to do a foreclosure on something they even admit was rescinded. They can't do that. That's unfair and deceptive practices. So I just wanted to point that out as another basis for the CPA claim. Thank you, counsel. Thank you both for your arguments. An interesting case. And we'll take it under advisement and try to figure it out. Thanks so much. We'll stand in recess. That'll be it for the week.
judges: N.R. Smith, Christen, Payne